IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In the Matter of the Foreclosure of the Deed of Trust
executed by **ELIZABETH COLE,**

    Grantor, Respondent, Debtor

To: **NETCO TITLE INSURANCE,**

    Original Trustee,

Civil Action No. 3:16cv752(GCM)

FILED
CHARLOTTE, NC
OCT 3 1 2016
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

As recorded on **July 19, 2012** in Book **27560,** Page 682
of the Mecklenburg Public Registry,

By: **SUBSTITUTE TRUSTEE SERVICES, INC.,**

    Substitute Trustee.

See Appointment of Substitute Trustee which substitutes
**SUBSTITUTE TRUSTEE SERVICES, INC.,** as
Substitute Trustee in the place and stead of Original Trustee,
as recorded on **June 17, 2015** in Book **30054,** Page **101**
of the Mecklenburg County Public Registry.

## NOTICE OF REMOVAL

Grantor/Respondent/Debtor Elizabeth Cole, pursuant to 28 U.S.C. Section 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), hereby removes the special proceeding civil action captioned In the Matter of the Foreclosure of Deed of Trust executed by Elizabeth Cole dated July 19, 2012, recorded in Book 27560, at Page 682, Mecklenburg County Registry, File Number 15-SP-2706 (the "State Court Action"), pending in the General Court of Justice, Superior Court Division, Mecklenburg County, to the United States District Court for the Western District of North Carolina, Charlotte Division (the "District Court"). As grounds for removal, Elizabeth Cole respectfully states as follows:

## BACKGROUND

On June 23, 2015, Substitute Trustee Services, Inc. filed the Petition against Elizabeth Cole Debtor/Respondent in the General Court of Justice, Before the Clerk of Superior Court, Mecklenburg County, which is within the district and division of this Court.

On June 9, 2016, Elizabeth Cole, Respondent/Debtor filed a Chapter 13 petition for relief under Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for The Western District of North Carolina Charlotte Division. The Chapter 13 Number is 16-30960. The Respondent/Debtor with her spouse, Vincent Lineberger and named Standing Chapter 13 Trustee, Warren L. Tadlock in his official capacity a Plaintiff in an Adversary Proceeding filed on August 18, 2016 case number 16-03304.

## BASIS FOR REMOVAL

Bankruptcy Rule 9027 and 28 U.S.C. Section 1452(a) authorize Debtors to remove State Court Action. See 28 U.S.C. Section 1452(a) ("[a] party may remove any claim or cause of action in a civil action … if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."). Section 1334(a) of title 28 of the United States Code provides that "district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. Section 1334(a). Certain matters related to a debtors bankruptcy case are included within the scope of federal bankruptcy jurisdiction under 28 U.S.C. Section 1334(b). Specifically, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. Section 1334(b). This Court has original jurisdiction over the State Court Action under 28 U.S.C. Section 13(b) because the State Court Action arises in or under title 11 because because the Petitioner, James B. Nutter & Company seeks damages from the Debtor and ultimate

-2-

allowance of that claim is a matter for this Court to determine. See 28 U.S.C. Section 157(b)(2)(B). Alternatively, the State Court Action is "related to" title 11 bankruptcy proceedings pending Bankruptcy Court/District Court because the allowance and or liquidation of any claims asserted by James B. Nutter & Company against Elizabeth Cole/Debtor will affect the administration of Debtors' bankruptcy case and adversary proceeding case. Therefore, this Court has original jurisdiction over James B. Nutter & Company and assigns or successors claims under 28 U.S.C. Section 1334(b), and removal to this Court is proper under 28 U.S.C. Section 1452(a) and Rule 9027 of the Bankruptcy Rules.

As required by Bankruptcy Rule 9027(a), Elizabeth Cole/Debtor notify this Court that the claims asserted by James B. Nutter & Company in the Adversary Proceeding and Bankruptcy case are non core within the meaning of 28 U.S.C. Section 157(b)(1). The time for filing a timely proof of claim in the Chapter 13 Bankruptcy Case was October 19, 2016 and James B. Nutter & Company has not filed a proof of claim. Nonetheless, since James B. Nutter & Company has not asserted a proof of claim that would make this a core, within the meaning of 28 U.S.C. Section 157(b)(2). The Judicial Code provides a non-exclusive list of matters that included within core proceedings, including matters concerning the administration of the estate, mattes concerning the allowance, disallowance, or estimation of claims against the estate, and proceedings affecting the adjustment of the debtor-creditor relationship. 28 U.S.C. Section 157(b)(2)(A),(B), and (O). In the Debtors' bankruptcy case, James B. Nutter & Company, successors and assigns claims more likely than not directly relate to, and impact, administration of the Debtors' estate because whether James B. Nutter's,, successors and assigns are allowed an if so, in what amount, may affect the Debtors' ability to propose and confirm a plan of reorganization.

-3-

Notwithstanding the State Court action is "related to" the title 11 bankruptcy case and adversary proceeding pending in the Bankruptcy Court. The Fourth Circuit has adopted the so called **Pacor** test for determining whether a civil proceeding is "related-to" a bankruptcy case (adversary proceeding case). See **A.H. Robins Co. v. Piccinin,** 788 F.2d 994, 1002 n.11 (4th Cir. 1986); See also **Celotex Corp v. Edwards**, 514 U.S. 300, 333, 115 S.Ct. 1493, 1511 (1995) (noting that "[t]he First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Eleventh Circuits have adopted the **Pacor** test with little or no variation.") The **Pacor** test provides that a proceeding is "related to" the debtor's bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. " **Pacor Inc. v. Higgins,** 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original) (overruled on other grounds **Things Remembered, Inc. v. Petrarca,** 516 U.S. 124 (1995).

The Fourth Circuit construes the **Pacor** test broadly, and has held that the test "does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate. The possibility of such alteration or impact is sufficient to confer jurisdiction." **In re Celotex Corp.,** 124 F.3d 619, 626 (4th Cir. 1997), accord **Nuven Mun. Trust ex rei. Nuveen High Yield Mun. Bond Fund v. Withum Smith Brown, P.C.,** 692 F.3d 283, 294 (3d Cir. 2012) (explaining that "[t]he key inquiry no doubt is conceivability. Certainty or even likelihood [of effect being administered in bankruptcy,] is not a requirement.') (quoting **Copelin v. Spirco, Inc.,** 182 F.3d 174, 179 (3d. Cir. 1999) quoting **Halper v. Halper,** 164 F.3d 830, 837 (3d Cir. 1999) (alteration in original)).

-4-

Here, James B. Nutter's assigns and or successors claims directly impact property of the Debtors' estate in that it seeks money damages from the Debtor and might affect the Debtors' ability to confirm a Chapter 13 plan. Therefore, this Court has original jurisdiction over the claims and adversary proceeding preference action under 28 U.S.C. Section 1334, and the State Court Action is properly removable to this Court under 28 U.S.C. Section 1452(a) and Rule 9027 of the Bankruptcy Rules. Venue is proper in this District under 28 U.S.C. Section 1441 because this District and Division embrace the place where the removed action has been pending.

## STATE COURT FILINGS

As required by 28 U.S.C. Section 1446(a) copies of all process and pleadings from Special Proceeding In the General Court of Justice of North Carolina, Mecklenburg County Superior Court Case Number 15- SP- 2706 are attached hereto for the Court's consideration, as required 28 U.S.C. Section 1446(a). A copy of this **NOTICE OF REMOVAL** will be filed with the Clerk of Superior Court of Mecklenburg County for Case Number 15-SP-2706 as required by 28 U.S.C. Section 1446(d) as well to all adverse parties. Further, Debtor attaches a "Notice of Bankruptcy Stay" filed by Debtor in the State Court Action.

WHEREFORE, this Respondent/Debtor requests that this action proceed in this Court as an action properly removed to it.

This the 31st day of October, 2016.

_____
Elizabeth Cole
Respondent/Debtor pro se
7120 Somerset Springs Drive
Charlotte, NC 28262
(704)248-0480

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** was served upon all parties of record by U.S. Mail, first-class postage pre-paid, addressed to or by electronically filing a copy of the same with the Court's ECF filing system which may send electronic notification by e-mail to:

> William F. Kirk
> Attorney At Law
> Hutchens Law Firm
> 6230 Fairview Road, Suite 315
> Charlotte, NC 28210
> WilliamKirk@hutchenslawfirm.com

> Warren L. Tadlock
> Chapter 13 Trustee
> 5970 Fairview Road, Suite 650
> Charlotte NC 28210
> wtadlock@ch13chlt.com

This the 31st day of October, 2016.

*Elizabeth Cole*
Elizabeth Cole
Respondent/Debtor, pro se
7120 Somerset Springs Drive
Charlotte, NC 28262
(704)248-0480

Case 3:16-cv-00752-GCM   Document 1   Filed 10/31/16   Page 6 of 6