**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-00752-GCM**

| | |
|---|---|
| NETCO TITLE INSURANCE, <br> SUBSTITUTE TRUSTEE SERVICES, INC., <br><br> **Plaintiffs,** <br><br> v. <br><br> ELIZABETH COLE, <br><br> **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court *sua sponte* on Pro Se Defendant's Notice of Removal. (Doc. No. 1). For the reasons stated below, this case is **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, for Mecklenburg County.

I. **Background**

This civil action arises from foreclosure proceedings brought against *pro se* Defendant Elizabeth Cole in the North Carolina General Court of Justice, Mecklenburg County Superior Court, on June 23, 2015 as to real property located at 7120 B Somerset Springs Drive, Charlotte, NC, 28262-3583 (the "Subject Property"). (Doc. No. 1). On February 25, 2016 the Superior Court issued an order authorizing the foreclosure sale of the Subject Property. The court in its findings of fact found that JBN held a promissory note that evidenced a valid debt and that note was in default. Defendant and JBN entered into a valid contract in the form of a Deed of Trust. The Deed of Trust secured a valid debt and gave the holder of the note, JBN, the right to foreclose on the Subject Property under a power of sale. On October 31, 2016, the Defendant

removed the special proceeding civil action captioned In the Matter of the Foreclosure of Deed of Trust to this Court. Since that time, there has been no further activity in this case.

II. Analysis

The existence of subject matter jurisdiction is a threshold issue. While there is no pending motion to dismiss this matter for lack of subject matter jurisdiction, "it is well-recognized in our jurisprudence that the issue of subject matter jurisdiction may be raised *sua sponte*." Unitrin Auto and Home Ins. Co. v. Bastida, No. 3:09-cr-00217, 2009 WL 3591190, at *1 (W.D.N.C. Oct. 26, 2009) (citing Contrick v. Ryan, 540 U.S. 443, 455 (2004)). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Absent a proper basis for subject matter jurisdiction, a case *must* be dismissed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); accord Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

This case arises out of a foreclosure conducted under Chapter 45 of the North Carolina General Statutes. Foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. See e.g., Jennifer Belter Formichella, PLLC, 2012 WL 2501110, *2 (citing City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C. 2009) (remanding tax foreclosure action); McNelly v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328

(W.D.N.C. 2008) (nothing in "simple foreclosure action of real property … suggests the presence of a federal question")); Trustee Services of Carolina, LLC v. Rivera, 2012 WL 1645534, *2 (W.D.N.C. May 2, 2012) (same)).

The crux of the Defendant's action appears to the Court to be to prevent the Plaintiffs from foreclosing on their property. The Plaintiffs are attempting to avoid the original jurisdiction granted to the Clerk of Superior Court of Mecklenburg County, North Carolina.

### III. Conclusion

For the above reasons, this matter is **REMANDED** for lack of subject matter jurisdiction to the North Carolina General Court of Justice, Superior Court Division, for Mecklenburg County.

**SO ORDERED.**

Signed: May 19, 2017

Graham C. Mullen
United States District Judge